DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Counsel for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq.
jpasternak@ddw-law.com
jcurley@ddw-law.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

SHELLEY FOOD STORES, INC. II,                    Chapter 11
                                                  Case No. 15-_____ (RDD)
                      Debtor.
---------------------------------------------------------------X

**MOTION OF THE DEBTOR FOR AN ORDER (I) AUTHORIZING
THE DEBTOR TO PAY AND HONOR CERTAIN PREPETITION
CLAIMS FOR (A) WAGES, SALARIES, EMPLOYEE BENEFITS
AND OTHER COMPENSATION, AND (B) WITHHOLDINGS AND
DEDUCTIONS; AND (II) DIRECTING BANKS TO RECEIVE,
PROCESS, HONOR AND PAYALL CHECKS PRESENTED FOR
PAYMENT AND ELECTRONIC PAYMENT REQUESTS
RELATING TO THE FOREGOING**

**TO:   THE HONORABLE ROBERT D. DRAIN
        UNITED STATES BANKRUPTCY JUDGE:**

Shelley Food Stores, Inc. II, the above-captioned debtor and debtor-in-possession (the "Debtor"), by its proposed attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP hereby submits this motion (the "Motion") for entry of an order authorizing (i) the payment of prepetition date wages, salaries, commissions, and employee benefits, and (ii) reimbursement of employee business expenses; and (iii) providing that the Debtor's bank honor any check issued pre-petition for wages paid to the Employees that remained outstanding as of the Petition Date

pursuant to 11 U.S.C. §§ 105, 363, 507(a)(4) and 507(a)(5) (the "Motion"). In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(3) and 507(a)(4) of title 11 of the United States Code, 11 U.S.C., et seq. (the "Bankruptcy Code").

## BACKGROUND

3. On October 22, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed in this Chapter 11 Case.

4. The Debtor is a foodservice Manufacturer and distributor in the Metro Tri-State area.

## RELIEF REQUESTED

5. The Debtor employs approximately 40 employees (the "Employees"). The Employees are critical to the successful reorganization of the Debtor as they are essential to the Debtor's continued day to day operations. Specifically, the Employees perform a variety of critical functions, including management administrative, accounting, supervisory, sales, purchasing, operation, and transportation. Three (3) of the Employees are members of the United Food and Commercial Workers Union 464A.

2

6.     In order to minimize the personal hardship that the Employees will suffer if prepetition employee-related obligations are not paid when due, and to maintain morale and an essential workforce during this critical time, the Debtor seeks authority, in its discretion, to pay and honor certain prepetition claims for, among other items, wages, salaries and other compensation, federal and state withholding taxes and other amounts withheld (e.g., garnishments, Employees' share of insurance premiums, and taxes and 401(k) contributions), and all other Employee benefits that the Debtor has historically provided in the ordinary course of business (collectively, and as more fully described in this Motion, the "Wages and Benefits").

7.     In addition, the Debtor seeks authority to modify, change and discontinue any of the Wages and Benefits, as well as any other employment related policies, wages or benefits in the ordinary course of business during this Chapter 11 Case, in its discretion, without the need for further Court approval.

8.     Finally, the Debtor requests that banks and other financial institutions be authorized and directed to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing.

**I. EMPLOYEE COMPENSATION**

　　A. **Unpaid Compensation.**

9.     The Debtor's average aggregate monthly compensation for Employees, including wages, tips, taxes and benefits, is approximately $150,000. The Employees are paid in arrears on a bi-weekly basis with direct deposits or checks issued on the Friday following the end of each period. The next pay date is October 23, 2015, covering the period October 4, 2015 through October 17, 2015.

3

10. As of the Petition Date, the Debtor's Employees have not been paid all of their prepetition wages.

11. As of the Petition Date, approximately $33,000 in *normal* accrued wages, salaries, overtime pay, commissions and other compensation earned prior to the Petition Date (the "Unpaid Compensation") remains unpaid to Employees. The Debtor seeks authority, in its discretion, to pay such Unpaid Compensation to the Employees.

12. The Unpaid Compensation includes only the *normal* accrued wages of Scott Geller, officer of the Debtor, in the approximate aggregate pre-petition amount of $3,600. The officer's weekly salary is necessary for him to sustain his own personal living expenses. The Debtor cannot operate without Mr. Geller as his services are instrumental and necessary for the ongoing operations of the Debtor. Accordingly, the Debtor believes that it is proper to allow Mr. Geller his Unpaid Compensation.

13. Of all the Employees who may have Unpaid Compensation as of the Petition Date, none of the employees exceed the $12,475 priority cap contained in section 507(a)(4) of the Bankruptcy Code.

14. The Debtor's payroll report for the preceding period is annexed hereto as **Exhibit A.** The Debtor will file the actual payroll report as a supplement to this Motion prior to the hearing on this Motion.

15. For the reasons discussed below, the Debtor is requesting authority to pay such Unpaid Compensation claims.

**B. Continued Remittance and Payment of Payroll Deductions.**

16. In connection with the payment of Wages and Benefits to Employees, the Debtor routinely deducts certain amounts from paychecks, including direct banking deposits, payments,

4

domestic support obligations, pre and post tax deductions, benefit plan contributions, and insurance premiums (collectively, the "Deductions"). In most instances, the Debtor then forwards these Deductions to various third-parties.

17.     Due to the commencement of this Chapter 11 Case, some funds which were deducted from Employees' earnings may not have been forwarded to the appropriate third-party recipients prior to the Petition Date. Accordingly, the Debtor seeks authority, in its discretion, to continue to forward these prepetition Deductions to the applicable third-party recipients on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

18.     The Debtor is also required to withhold certain federal, state and local income taxes, social security, Medicare taxes and other amounts from their Employees' wages for remittance, along with certain required employer contributions, to the proper taxing authority ("Payroll Taxes").

19.     Before the Petition Date, the Debtor withheld amounts from Employees' earnings for the Payroll Taxes, but such funds may not have been forwarded to the appropriate taxing authorities prior to the Petition Date. The Debtor seeks authority, in its discretion, to continue to honor and process the prepetition obligations with respect to the Payroll Taxes on a postpetition basis, in the ordinary course of business, as routinely done prior to the Petition Date.

**BASIS FOR RELIEF**

    **A. Ample Cause Exists For the Court to Authorize the Debtor
to Pay Employee Wages and Honor Employee Benefits Programs.**

20.     Pursuant to §§363(b) and 105(a) of the Bankruptcy Code, the Debtor seeks authority to continue its Wages and Benefits policies and programs on a postpetition basis, and to pay all of its obligations owed thereunder in the ordinary course of business as of the Petition Date, without regard to whether such obligations accrued before or after the Petition Date.

21. Courts in this district have routinely granted the relief requested herein. *See, e.g., In re Dana Corp.*, Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. March 3, 2006); *In re Musicland Holding Corp.*, Case No. 06-10064 (SMB) (Bankr. S.D.N.Y. Feb. 1, 2006); *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 21, 2005); *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005); *In re Delta Air Lines*, Case No. 05-17923 (PCB) (Bankr. S.D.N.Y. Sept. 16, 2005).

22. Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) is frequently cited as a basis to authorize the relief sought herein. *See In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (affirming a bankruptcy court order authorizing the debtor to pay pre-bankruptcy wages, salaries, employee benefits, reimbursements and workers' compensation claims and premiums).

23. The Court may also grant the relief requested herein pursuant to section 363 of the Bankruptcy Code which provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In order to do so, "the debtor must articulate some business justification, other than the mere appeasement of major creditors," *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175. Here, the Debtor has a significant workforce on which it relies heavily upon. Payment of the Wages and Benefits to the Employees is critical in order to maintain its workforce and move towards a successful reorganization.

24. This Court and other courts have authorized debtors to pay certain prepetition claims pursuant to section 363 of the Bankruptcy Code. *See In re Dana Corp.*, Case No. 06-10354 (BRL); *In re Calpine Corp.*, Case No. 05-60200 (BRL).

25. The Debtor submits that grounds exist to grant the request to pay prepetition amounts related to Wages and Benefits policies and programs.

26. The Debtor believes that all of the amounts related to Wages and Benefits that it seeks to pay pursuant to this Motion are entitled to priority status under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and do not exceed $12,475 for any individual Employee. As such, the Debtor is required to pay these claims in full to confirm a plan of reorganization. *See* 11 U.S.C. § 1129(a)(9)(B) (requiring payment of certain allowed priority claims for wages, salaries, and commissions, and certain allowed unsecured claims for contributions to an employee benefit plan).

27. Accordingly, granting the relief sought herein would only affect the timing, and not the amount, of the payment with respect to the Wages and Benefits.

28. The Debtor's request for authorization to continue to honor and remit Deductions, Payroll Taxes and other Withheld Amounts should also be approved. Such amounts principally represent Employee earnings that governments (in the case of taxes), Employees (in the case of voluntarily withheld amounts) and judicial authorities (in the case of involuntarily withheld amounts) have designated for deduction from Employees' paychecks. The failure to pay these benefits could result in hardship to certain Employees as well as administrative difficulties for the Debtor.

29. Additionally, the failure to remit Payroll Taxes and other Withheld Amounts may subject the Debtor and its directors and officers to federal or state liability. Furthermore, because such funds do not constitute property of the Debtor's estate, the funds are not subject to the normal bankruptcy prohibitions against payment.

7

30. The Debtor therefore requests authority to transmit such withheld amounts to the proper parties and authorities in the ordinary course of business.

31. Finally, the Debtor does not seek to assume any executory contracts or obligations at this time, and therefore, nothing contained in this Motion should be deemed to be an assumption or adoption of any policy, procedure, or executory contract that may be described or referenced herein. Also, the Debtor will retain the discretion to not make the payments contemplated by this Motion for particular Employees, and nothing in this Motion will, in and of itself, constitute a promise or guarantee of any payment to any Employee.

**B.  The Court Should Authorize the Debtor's Financial Institutions to Honor Checks and Electronic Fund Transfers Relating to Employee Wages and Benefits.**

32. The Debtor requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor, and pay all checks presented for payment, and to honor all fund transfer requests made by the Debtor related to the Wages and Benefits policies and programs, whether such checks were presented or fund transfer requests were submitted prior to or after the Petition Date.

33. For the foregoing reasons, the Debtor believes that granting the relief requested herein is appropriate and in the best interests of all parties in interest.

34. No prior motion for the relief requested herein has been made to this Court or any other Court.

**RESERVATION OF RIGHTS**

35. Notwithstanding anything in this Motion or the Order to the contrary, the payment of any claims pursuant to the Order (if entered by the Court) and other honoring of the Employee Wages and Benefit claims shall neither (i) make such obligations administrative expenses of the

8

estates entitled to priority status under §§ 503 and 507 of the Bankruptcy Code nor (ii) constitute approval by this Court of any employee plan or program under any section of the Bankruptcy Code, including section 503(c).

## NOTICE

36.     This Motion will be served upon (i) Office of the U.S. Trustee, (ii) the Debtor, and (iii) all other parties entitled to notice pursuant to Bankruptcy Rule 4001(d). The Debtor submits that such service is good and sufficient notice.

## REQUEST FOR HEARING ON SHORTENED NOTICE

37.     Simultaneously with the filing of this Motion, the Debtor has submitted the Affidavit of Scott Geller pursuant to Local Bankruptcy Rule 9077-1 in support of a hearing on shortened notice (the "9077 Affidavit"). The Debtor respectfully requests that the Court accept this Motion and the 9077 Affidavit in lieu of a separate application in support of a hearing on shortened notice.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order, in substantially the form attached hereto as **Exhibit B**, (I) authorizing, but not directing, the Debtor to pay and honor certain prepetition claims for (A) wages, salaries, employee benefits and other compensation, and (B) withholdings and deductions; and (II) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing, and grant such other and further relief as the Court deems appropriate.

Dated: White Plains, New York
      October 23, 2014

    Respectfully submitted,

    DELBELLO DONNELLAN WEINGARTEN
    WISE & WIEDERKEHR, LLP
    *Proposed Attorneys for the Debtor*
    One N Lexington Avenue
    White Plains, New York 10601
    (914) 681-0200


    By:    */s/ Jonathan S. Pasternak, Esq.*
          Jonathan S. Pasternak, Esq.