# Exhibit "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

SHELLEY FOOD STORES, INC. II
d/b/a SHELLEY'S FOODSERVICE,

                                        Debtor.

Chapter 11
Case No. 15-_____ (RDD)

------------------------------------------------------------------X

### INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY AND HONOR CERTAIN PREPETITION CLAIMS FOR (A) WAGES, SALARIES, EMPLOYEE BENEFITS AND OTHER COMPENSATION, AND (B) WITHHOLDINGS AND DEDUCTIONS; AND (II) DIRECTING BANKS TO RECEIVE, PROCESS, HONOR AND PAYALL CHECKS PRESENTED FOR PAYMENT AND ELECTRONIC PAYMENT REQUESTS RELATING TO THE FOREGOING

**UPON** consideration of the motion of the Debtor for entry of an order (I) authorizing the Debtor to pay and honor certain prepetition claims for (A) wages, salaries, employee benefits and other compensation, and (B) withholdings and deductions; and (II) directing banks to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the foregoing, (the "Motion")[1]; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. §157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

**ORDERED** that the Motion is granted to the extent herein on an interim basis; and it is further

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

1

**ORDERED** that the Debtor is authorized, but not directed, to honor, pay and modify the Wages and Benefits to the extent of ordinary and customary wages, salary, commissions and expense reimbursement only, and not including bonuses and deferred compensation, in accordance with the Debtor's stated policies and prepetition practices, and in the ordinary course of the Debtor's business as specifically set forth in the Motion provided, however, that the Debtor may not pay any employee over the statutory cap of $12,475; and it is further

**ORDERED** that the Debtor is authorized, but not directed, to pay the prepetition wages and compensation due to its employees in accordance with schedules annexed as Exhibit "A" to this Order; and it is further

**ORDERED** that the Debtor is authorized to continue to allocate and distribute the Deductions and the Payroll Taxes as specifically set forth in the Motion or as required by applicable federal, state and local law, and directed to make such payments associated with the Debtor's payment of its prepetition wages and compensation; and it is further

**ORDERED** that the Debtor is authorized, but not directed, to pay all processing fees, costs and expenses associated with the payment and administration of the Wages and Benefits, including payment to third-party administrators; and it is further

**ORDERED** that to the extent that checks are issued to Employees or other entities in connection with the Wages and Benefits programs and policies, the banks upon which any checks are drawn in payment thereof, either before, on or after the Filing Date, be, and hereby are, authorized to honor such checks upon presentation; and it is further

**ORDERED** that all applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks evidencing amounts paid by Debtor under this Order whether presented prior to or after the Filing Date. Such banks and

2

financial institutions are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

**ORDERED** that any payment or transfer made or service rendered by the Debtor pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation, a waiver of any rights the Debtor may have to dispute such obligation or an approval or assumption of any agreement, contract, or lease under § 365 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED**, that a final hearing on the Motion is scheduled before The Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York  10601 on the __ day of November, 2015 at 10:00 a.m.

Dated:  White Plains, New York
        October __, 2015

```
                                        _____
                                        THE HONORABLE ROBERT D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE
```