DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq.
jpasternak@ddw-law.com
jcurley@ddw-law.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

| | |
|---|---|
| SHELLEY FOOD STORES, 8INC. II, | Chapter 11 |
| | Case No. 15-23535 (RDD) |
| Debtor. | |

----------------------------------------------------------------X

**AFFIDAVIT OF JONATHAN S. PASTERNAK, ESQ. IN
SUPPORT OF APPLICATION TO EMPLOY AND RETAIN
DELBELLO DONNELLAN WEINGARTEN WISE &
WIEDERKEHR, LLP AS ATTORNEYS FOR THE DEBTOR,
<u>NUNC PRO TUNC, AS OF THE PETITION DATE</u>**

STATE OF NEW YORK         )
                          ) SS.:
COUNTY OF WESTCHESTER     )

JONATHAN S. PASTERNAK, ESQ., being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court and a partner of the firm DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (the "DelBello Firm") One North Lexington Avenue, White Plains, New York 10601.

2. I submit this Affidavit in support of the Application of Shelley Food Stores, Inc. II, the above captioned debtor and debtor-in-possession (the "Debtor") to Employ and Retain the DelBello Firm as Attorneys for the Debtor in connection with the above-captioned Chapter 11

case on the terms set forth in the accompanying Application.

3. Neither I, nor the DelBello Firm or any attorney at the DelBello Firm has any connection with the Debtor, its creditors, or any other party in interest herein or their respective attorneys except as described below. Furthermore, neither I, nor the DelBello Firm, or any attorney at the DelBello Firm is a pre-petition creditor of the Debtor.

4. Based upon all of the foregoing, I respectfully submit that the DelBello Firm does not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

5. The DelBello Firm shall make proper application to the Court for compensation for the services rendered to the Debtor in this proceeding pursuant to §330 of the Bankruptcy Code and pursuant to the procedures established by the Order pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

## Disinterestedness

6. To the best of my knowledge, the DelBello Firm is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtor, (c) do not have an interest materially adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

**Disclosure Procedures**

7.    In preparing this affidavit, a conflict search was conducted which compared a list of the debtors, all known creditors, members, directors, officers, debtors, and financial institutions (the "Potential Party List") against the DelBello Firm's database of all existing and prior matters and contacts (the "Database"). No parties on the Potential Party List were identified by Deponent as current or former clients of the firm, or in any way related, such that the DelBello Firm could not be opposed to them.

8.    Insofar as I have been able to ascertain, the DelBello Firm is a disinterested party within the meaning of section 101(14) of the Bankruptcy Code, holds nor represents any adverse interest to and has no connections to the Debtor, the Debtor's estate, its creditors or any other party in interest herein or their respective attorneys and accountants with respect to matters for which the DelBello Firm is to be engaged, other than as specifically set forth above.

9.    The DelBello Firm is not aware of any past or present relationship that would disqualify the DelBello Firm from representing the Debtor.

**Billing Rates**

10.    The DelBello Firm's billing rates for 2015 are as follows:

| | |
|---|---|
| Partners | $375.00 to $595.00 |
| Associates | $350.00 |
| Paraprofessionals | $175.00 |

11.    On October 16, 2015, the DelBello Firm has received a pre-petition retainer payment from the Debtor in the amount of $37,000.00. None of the pre-petition retainer was paid towards or on account of any antecedent debt owed to the DelBello Firm by the Debtor within the

3

11 U.S.C. § 547 period.

12.     The DelBello Firm has agreed not to share compensation received in connection with the Debtor's proceeding with any other entity, except as permitted under the Bankruptcy Code for sharing among members and associates of the DelBello Firm.

13.     The DelBello Firm shall promptly notify the Debtor, with a copy to the Office of the U.S. Trustee, of all changes in the DelBello Firm's billing rates.

**WHEREFORE**, your Deponent respectfully requests the entry of the pre-fixed order, together with such other and further relief as is proper.

*/s/ Jonathan S. Pasternak*
Jonathan S. Pasternak

Sworn to before me this
19th day of October, 2015

*/s/ Julie Cvek Curley*
Notary Public ~ State of New York