James P. Berg, Esq.
Fred W. Hoensch, Esq. (admitted *pro hac vice*)
PARKER IBRAHIM & BERG LLC
5 Penn Plaza, Suite 2371
New York, NY 10001
Main: 212.596.7037
Fax: 212.596.7036
james.berg@piblaw.com
fred.hoensch@piblaw.com
*Attorneys for Santander Bank, National Association*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SHELLEY FOOD STORES, INC. II<br>dba SHELLEY'S FOODSERVICE,<br><br>Debtor. | Case No. 15-23535-rdd<br><br>Chapter 11 |

### LIMITED OBJECTION OF SECURED CREDITOR SANTANDER BANK, NATIONAL ASSOCIATION TO DEBTOR'S MOTION FOR ORDER AUTHORIZING DEBTOR TO OBTAIN ADDITIONAL POST-PETITION FINANCING AND GRANTING JUNIOR SECURITY INTERESTS PURSUANT TO 11 U.S.C. § 364(c)(2)

Santander Bank, National Association ("Santander") by and through its attorneys, Parker Ibrahim & Berg LLC, hereby files this Limited Objection to the Debtor's Motion for Order Authorizing Debtor to Obtain Additional Post-Petition Financing and Granting Junior Security Interests Pursuant to 11 U.S.C. § 364(c)(2) [Docket No. 22] (the "Second DIP Motion"), and states as follows:

### BACKGROUND

1. On October 23, 2015 (the "Petition Date"), the Debtor commenced the above-captioned case by filing a Petition under Chapter 11 of the Bankruptcy Code.

2. Santander has a properly perfected first priority lien pursuant to Debtor's July 2, 2014 Line of Credit Loan in the amount of $1,500,00.00 and the $1,000,000.00 Term Loan (the

{00502929.DOCX }

"Santander Loan Agreements"). True and correct copies of the Santander Loan Agreements are attached hereto as **Exhibit A**.

3. As security for the Santander Loan Agreements, Debtor granted Santander a security interest in, among other things and without limitation, substantially all of the Debtor's assets including, but not limited to, then owned or thereafter acquired accounts, instruments, inventory, equipment, chattel paper and general intangibles pursuant to a UCC-1 Financing Statement filed on September 18, 2014 (the "Santander Collateral"). A true and correct copy of the UCC-1 Financing Statement is attached hereto as **Exhibit B**.

4. As of the Petition Date, the Debtor owed Santander approximately $2,440,000.00 pursuant to the Santander Loan Agreements.

5. The Debtor acknowledges that the liens and security interests granted to Santander were duly perfected and agreed that said liens and security interests are senior and superior in time and right to all other liens and security interests in the Santander Collateral, except for perfected mechanic's liens or purchase money security interests. *See* Debtor's Motion for Orders (a) Authorizing Debtor (i) to Obtain Post-Petition Financing and Granting Security Interests Pursuant to 11 U.S.C. §§ 363(b) and 364(c); (ii) to Use Cash Collateral Pursuant to 11 U.S.C. § 363; (iii) to Provide Adequate Protection Pursuant to 11 U.S.C. § 361; and (b) Scheduling a Final Hearing [Docket No. 3] ("First DIP Motion"), ¶ 9.

6. The Debtor also acknowledges that its assets – and the Santander Collateral - consist almost entirely of accounts receivable, and that as of the Petition Date, it believes that Santander is undersecured based upon its current gross accounts receivable. *See* First DIP Motion, ¶ 15.

7. On October 23, 2015, the Debtor filed its First DIP Motion seeking authorization to obtain superpriority post-petition financing and to use Santander's cash collateral.

8. On October 29, 2015, the Court entered an interim order [Docket No. 15] (the "First DIP Interim Order") with respect to the First DIP Motion, pursuant to which Santander stipulated to the Debtor's use of its cash collateral for a period of thirty days. The First DIP Interim Order further authorized the Debtor to obtain post-petition financing on an interim basis secured by a superpriority lien on the Debtor's post-petition accounts receivable. As purported adequate protection, Santander was granted replacement liens in the Debtor's postpetition proceeds of the cash collateral and a lien, junior to Bay View's lien, to secure any collateral diminution and adequate protection payments of $20,000.00 per month.

9. A Final Hearing on the First DIP Motion has been scheduled for November 24, 2015 at 10:00 a.m. Contemporaneously with the filing of this Limited Objection, Santander has also filed an Objection to the continued use of its cash collateral under the First DIP Interim Order.

10. On November 10, 2015, the Debtor filed its Second DIP Motion on an expedited basis seeking authorization to obtain additional post-petition financing from new DIP lender WebBank.

11. For the following reasons, Santander hereby files this limited objection to the Debtor's Second DIP Motion.

## ARGUMENT

12. Based on representations made by Debtor's counsel to undersigned counsel for Santander, the Second DIP Motion is not intended to affect any of Santander's rights and the liens granted to WebBank in connection with the Second DIP Motion are in no way to be superior to the liens of Santander.

13. However, the Second DIP Motion, DIP Agreement and Proposed Order are at times unclear in this regard.

14. As security for this new WebBank DIP loan, the Debtor proposes to grant WebBank a security interest in the following property of the Debtor: (a) any and all amounts owing to the Debtor now or in the future from any merchant processor; (b) all Accounts; (c) all Chattel Paper (including Tangible Chattel Paper and Electronic Chattel Paper); (d) all Instruments; (e) all Goods, including, without limitation, Equipment, motor vehicles, Inventory, Farm Products, Accessions, and As Extracted Collateral; (f) all Documents; (g) all General Intangibles (including, without limitation, Payment Intangibles and software); (h) all Deposit Accounts; (i) all Letter of Credit Rights; (j) all Investment Property; (k) all Supporting Obligations; (l) all trademarks, trade names, service marks, logos and other sources of business identifiers, and all registrations, recordings and applications with the U.S. Patent and Trademark Office and all renewals, reissues and extensions thereof; (m) any records and data relating to any of the foregoing, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of the Debtor's right, title and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media: and (n) any and all proceeds of any of the foregoing, including insurance proceeds or other proceeds from the sale, destruction, loss, or other disposition of any of the foregoing, and sums due from a third party who has damaged or destroyed any of the foregoing or from that party's insurer, whether due to judgment, settlement or other process. (the "DIP Collateral"). *See* Second DIP Motion, ¶ 15.

15. The Second DIP Motion further requests authorization to grant WebBank automatically perfected security interests in and liens upon all of the DIP Collateral, including, without limitation, all post-petition accounts receivable and the proceeds thereof, junior to the lien granted to Bay View, and (b) grant the DIP Obligations allowed superpriority administrative expense claim status in the case and any successor case, junior to the rights granted to Bay View. *See* Second DIP Motion, ¶ 18.

16. However, the Second DIP Motion is silent as to the rights of Santander with respect to WebBank.

17. Paragraph F of the Proposed Order states that the WebBank DIP Facility's claim shall not have any liens on the prepetition accounts receivable which are the collateral of Santander and any other prepetition lenders. However, it is silent with respect to the other pre-petition property of the Debtor which is also Santander's collateral.

18. Paragraph I of the Proposed Order states that the Debtor agrees to provide Santander with adequate protection upon the terms and conditions stated in the order. However, no such adequate protection is set forth in the Proposed Order.

19. The Second DIP Motion and DIP Agreement purport to grant extensive security to WebBank, in which Santander currently has a first priority interest. However, the motion is unclear with respect to how Santander's secured interests are to be treated. Rather, paragraph 7 of the Proposed Order states that WebBank shall have junior liens against and a security interest in all of the Debtor's Postpetition Assets and Receivables and any other collateral granted by the Debtor to WebBank, <u>subject only to the existing secured obligations owed to Bay View</u> (emphasis added). This language appears to imply that WebBank's lien on all of the DIP Collateral above will not be subject to Santander's lien, and that WebBank's lien will have priority over the replacement and junior liens granted in the First Interim DIP Order.

20. Accordingly, Santander files this Limited Objection for the purpose of resolving these ambiguities consistent with the representations of Debtor's counsel that the Second DIP Motion is not intended to affect any of Santander's rights and that the liens granted to WebBank in connection with the Second DIP Motion are in no way superior to the liens of Santander.

**WHEREFORE,** Santander respectfully requests that the Court (i) make clear in any Order entered in connection with the Second DIP Motion that the WebBank DIP Facility in no way affects any of Santander's rights and that the liens granted to WebBank in connection with the WebBank DIP Facility are subordinate to the liens of Santander and (ii) grant Santander such other and further relief as is just, proper and equitable.

Dated: November 17, 2015

**PARKER IBRAHIM & BERG LLC**
*Attorneys for Creditor,*
Santander Bank, National Association

*/s/* James P. Berg
James P. Berg, Esq.
Fred W. Hoensch, Esq. (admitted *pro hac vice*)
270 Davidson Avenue
Somerset, New Jersey 08873
Phone: 908.725.9700
Facsimile: 908.333.6230
james.berg@piblaw.com
fred.hoensch@piblaw.com